IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY ARNOLD and REGINA MCKIBBEN, : : : Plaintiffs, : : v. : CLAYTON COUNTY SCHOOL DISTRICT, : : : Defendant. : | Civil Action No.: JURY TRIAL DEMANDED |

COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT

Plaintiffs, Mary Arnold ("Arnold") and Regina McKibben ("McKibben"), by and through their undersigned counsel, on behalf of themselves and all other similarly situated employees of Defendant Clayton County School District ("CCSD"), allege the following Complaint pursuant to 29 U.S.C. §201, et seq., the Fair Labor Standards Act (FLSA). The classification of this case is 710, Fair Labor Standards Act.

PARTIES

1. Plaintiff Mary Arnold is an adult resident of the State of Georgia. At all times relevant to this cause of action, Plaintiff was an employee of Defendant CCSD and was employed as a janitor.

2. Plaintiff Regina McKibben is an adult resident of the State of Georgia. At all times relevant to this cause of action, Plaintiff was an employee of Defendant CCSD and was employed as a janitor.

3. Defendant CCSD is the public school system for Clayton County, Georgia and employs in excess of 1,000 people. The headquarters of the system is located in Clayton County, Georgia.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 as a federal question, arising under the laws of the United States.

5. Defendant is subject to jurisdiction in this District as it regularly transacts business in the State of Georgia and operates public education facilities in this District.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

6. In this action, Arnold, McKibben and similarly situated current and former employees of CCSD seek to recover unpaid overtime compensation and such other benefits of employment to which they are entitled under the FLSA. For at least three years prior to filing this Complaint, CCSD has improperly required Plaintiffs and similarly situated employees to work in excess of 40 hours per week, with Plaintiffs and other similar situated employees normally working at least 50 hours per week.

7. CCSD has also required Plaintiffs and other similarly situated employees to work without breaks or lunch.

8. Plaintiff Arnold was hired by CCSD as a janitor in or about 1981.

9. Plaintiff Arnold, through hard work and diligence, eventually rose to the position of head janitor.

10. Plaintiff Arnold was paid $2,653.69 per month which equates to $15.31/hour.

11. Plaintiff was terminated in or about May, 2010.

12. Plaintiff McKibben was hired by CCSD as a janitor in or about August, 1996.

13. Plaintiff McKibben, through hard work and diligence, eventually rose to the position of head janitor.

14. Plaintiff McKibben was paid $1,978.53 per month which equates to $13.49/hour.

15. As employees, Plaintiffs, and other similarly situated janitorial employees were required to work a minimum of 50 hours/week.

16. A typical schedule for janitorial employees was 6am-4pm or 7am-5pm, Monday through Friday, for a total of 50 hours per week.

17. Plaintiffs and other similarly situated employees were paid a "salary" each week, despite the requirements of the FLSA that non-exempt employees receive overtime pay at the rate of 1.5 times their regular hourly rate.

18. CCSD never paid any overtime compensation to Plaintiffs and other similarly situated employees.

19. In or about August, 2011, Defendant modified Plaintiff McKibben and other similarly situated employees' schedules to a regular 40 hour week.

20. Despite changing their schedules, Plaintiff McKibben and other similarly situated employees still regularly work more than 40 hours in any given week, due to meetings, PTA or other after school events.

21. Plaintiffs and other similarly situated employees are required to clock in and clock out each day, yet their time records do not appear on their paychecks.

22. At all times relevant to this action, CCSD was an enterprise engaged in commerce as defined by §203(s)(1) of the FLSA.

23. At all times relevant to this action, CCSD was an employer as defined by §203(d) of the FLSA.

24. At all times relevant to this action, Plaintiffs and others similarly situated were employees as defined by §203(e)(1) of the FLSA and worked for CCSD in the United States.

25. The provisions set forth in §§206 and 207 of the FLSA apply to CCSD, Plaintiffs and all similarly situated employees who were covered by the FLSA while they were employed by CCSD.

26. At all times relevant to this action, CCSD employed Plaintiffs and other similarly situated employees as non-exempt, hourly employees.

27. Plaintiffs and other similarly situated employees were not exempt and were entitled to be paid overtime for all hours in excess of 40 that they worked in any week.

28. CCSD has failed and refused to pay Plaintiffs and other similarly situated employees according the provision of the FLSA.

29. The systems, practices and duties required of Plaintiffs, while employed at CCSD have existed for at least three years, as specifically evidenced by the change in wage and hour practices implemented by CCSD in or about August, 2011.

30. At all times relevant to this action, CCSD has been aware of the requirements of the FLSA and its regulations. Despite this knowledge, CCSD has failed and refused to pay its employees in accordance with the FLSA.

31. There are numerous other similarly situated employees and former employees of CCSD who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the

present lawsuit and the opportunity to join this lawsuit. Those similarly situated employees and former employees are readily known, identifiable and locatable by CCSD.

32. All employees and former employees of CCSD identified as non-exempt hourly employees or who otherwise regularly worked 8-hour shifts would benefit from Court-Supervised Notice and the opportunity to join this lawsuit and should be so notified.

33. CCSD has engaged in a widespread pattern and practice of violating the FLSA by requiring Plaintiffs and others similarly situated to work more than 40 hours per week while not compensating them at the rate of 1.5 times their normal hourly rate for that work.

34. As a direct and proximate result of CCSD's violation of the FLSA, Plaintiffs, as well as others similarly situated, have suffered damages by failing to receive compensation due and owing to them pursuant to §207 of the FLSA.

35. In addition to the amount of unpaid wages and benefits due and owing to Plaintiffs and others similarly situated, they are also entitled to recover an equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), in addition to prejudgment interest on their damages.

36. CCSD's actions in failing to compensate Plaintiffs and others similarly situated, in violation of the FLSA, were willful and intentional.

37. CCSD has not made a good faith effort to comply with the FLSA.

38. Plaintiffs and others similarly situated are entitled to an award of attorneys' fees pursuant to 29 U.S.C. §216(b).

## JURY DEMAND

39. Plaintiffs request that all issues in this action be tried by a jury.

WHEREFORE, Plaintiffs and other similarly situated persons, pursuant to §216(b) of the FLSA respectfully request that this Court:

A. Issue an order at the soonest possible time to all of CCSD's employees during the three years immediately preceding the filing of this suit, and to all other potential plaintiffs who may be similarly situated, informing them that this action has been filed, the nature of the action, and their right to opt-into this claim if they worked an 8-hour shift without being paid for their breaks or lunch periods or were required to clock out and continue to work off the clock, and were not compensated for working such hours in excess of 40 in any week, pursuant to 29 U.S.C. §216(b);

B. Award all such plaintiffs damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), plus prejudgment interest;

C. Award Plaintiffs all costs and expenses of this litigation, including attorneys' fees;

D.   Grant such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

Respectfully submitted,

/s/ David J. Worley
David J. Worley (Ga. Bar No. 776665)
James M. Evangelista (Ga. Bar No. 707807)
HARRIS PENN LOWRY DELCAMPO, LLP
400 Colony Square
1201 Peachtree Street, NE
Suite 900
Atlanta, Georgia 30361
(404)961-7650
david@hpllegal.com
jim@hpllegal.com

Neil S. Hyman
LAW OFFICE OF NEIL S. HYMAN, LLC
4416 East West Highway, Suite 400
Bethesda, Maryland  20814
Phone:  (301)841-7105
Fax:  (301)986-1301
neil@neilhymanlaw.com
[Pro Hac Vice application to be filed]

*Counsel for Plaintiffs*