# Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and entered into by and between CLAYTON COUNTY SCHOOL DISTRICT ("CCSD") and HOK SRENG ("Sreng").

WHEREAS, Sreng joined in an action against CCSD in the U.S. District Court for the Northern District of Georgia styled <u>Mary Arnold and Regina McKibben, et al. v. Clayton County School District</u>, No. 1:12-CV-03455-SCJ-WEJ (N.D. Ga.) (the "Action") alleging that CCSD violated the Fair Labor Standards Act;

WHEREAS, CCSD explicitly and expressly denies all of the allegations in this Action and further denies that it has caused Sreng any damage or injury, or in any way acted in an unlawful or improper manner toward him/her and/or in connection with his/her employment with CCSD;

WHEREAS, after being executed by Sreng and CCSD, this Agreement will become effective on the date on which it is approved by the Court in this Action (the "Effective Date");

NOW, THEREFORE, in consideration of the promises contained herein and the consideration being provided to Sreng as set forth below, the adequacy of which Sreng hereby acknowledges, it is agreed as follows:

1. **Promises by CCSD**

    In full settlement of known and unknown claims, as set forth below, CCSD agrees to the following:

    (a) **Settlement Payment.** CCSD will pay the total sum of $10,036.09 (the "Settlement Payment") as described in subparagraphs (b) to (d) as follows:

    (b) One-third (33.33%) [$3,345.37] of the Settlement Payment shall be designated as back pay and shall be paid by a check made payable to Sreng, less tax withholdings and other withholdings as required or permitted by law. Sreng understands and agrees that CCSD will report this amount to the IRS by way of IRS Form W-2. Sreng agrees s/he is solely responsible for any additional or applicable taxes, penalties, interest, or other amounts due on this payment, and shall indemnify CCSD and/or its respective successors, assigns, divisions, affiliates, insurers, officers, directors, trustees, governors, employees, agents, and representatives and hold it/them harmless for any taxes, penalties, or interest s/he becomes required to pay related to this payment.

    (c) One-third (33.33%) [$3,345.36] of the Settlement Payment shall be designated as liquidated damages and shall be paid by a separate check made payable to Sreng. Sreng understands and agrees that CCSD will report this amount to the IRS by way of IRS Form 1099. Sreng agrees s/he is solely responsible for any applicable taxes, penalties, interest, or other amounts due on this payment, and shall

Page 1 of 7

indemnify CCSD and/or its respective successors, assigns, divisions, affiliates, insurers, officers, directors, trustees, governors, employees, agents, and representatives and hold it/them harmless for any taxes, penalties, or interest s/he becomes required to pay related to this payment.

(d) One-third (33.33%) [$3,345.36] of the Settlement Payment shall be designated as payment of attorneys' fees and costs. A 1099 will be issued to Harris Penn Lowry, LLP for this amount.

(e) **Date of Payment.** CCSD will issue the payments described in 1(b) and (c) as soon as administratively practicable after the Effective Date of this Agreement, but in no event later than April 7, 2015, unless the Court has not approved this Agreement by April 7, 2015. Should the Court approve this Agreement after April 7, 2015, CCSD will issue the payment within ten (10) business days of the Court's approval. CCSD will issue the payment described in 1(d) within ten (10) business days of the Court's approval of this Agreement, if 15 or more Agreements have been approved by the Court, or within ten (10) business days of the last day of any month if fewer than 15 Agreements have been approved by the Court in that month. CCSD will send the checks to Sreng's counsel.

2. **No Consideration Absent Execution of this Agreement.** Sreng understands and agrees that the payment described above in Paragraph 1 would not be provided except for his/her execution of this Agreement and the fulfillment of promises contained in this Agreement.

3. **Waiver and Release by Sreng.**

   (a) **Release:** In exchange for the consideration stated above and provided to Sreng by CCSD, the adequacy of which Sreng hereby acknowledges, Sreng irrevocably and unconditionally releases all the claims described below in Subparagraph 3(b) of this Agreement that Sreng may have against the following persons or entities (the "Released Parties"): CCSD and all its current and former, direct and indirect, successors, assigns, divisions, affiliates, insurers, officers, directors, trustees, governors, employees, agents, attorneys, representatives, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by, through, under or in concert with any of the persons or entities listed in this section, and their successors.

   (b) **Claims Released, Withdrawn, and Dismissed.**

      (i) Sreng agrees, within ten (10) days after signing this Agreement: to cause the dismissal with prejudice of his/her individual claims in this Action and at the same time to request that the Court approve this Agreement. The motion shall be styled as a joint motion to approve settlement and for dismissal with prejudice. Sreng acknowledges that unless and until the Court in this Action approves this Agreement and dismisses his/her

Page 2 of 7

claims, with prejudice, none of the payments specified in Subparagraph 1(a) of this Agreement will be made. Sreng represents that, other than this Action, s/he is not a party or participant in any other pending lawsuit, complaint, charge, action, compliance review, investigation, or proceeding asserting any claim released under this Agreement.

(ii) <u>General Release and Waiver of Claims</u>. In addition to the claims and lawsuit described in Subparagraph 3(b)(i), the claims released include all claims, promises, offers, debts, causes of action or similar rights of any type or nature whatsoever, whether known or unknown, Sreng has or had against the Released Parties by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter up to and including the date of his or her execution of this Agreement, including, but not limited to, (a) any claims under Title VII of the Civil Rights Act, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, as amended, the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended (with respect to unvested benefits), the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the Genetic Information Non-discrimination Act, as amended, the Age Discrimination in Employment Act, as amended, the Uniform Services Employment and Reemployment Rights Act, as amended, the Fair Labor Standards Act, as amended, and any other state, local, or federal laws, regulations and/or ordinances that may be legally waived and released; (b) any claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation, sick pay, and/or severance; (c) any claims arising under tort, contract or quasi-contract law, including, but not limited to, claims of breach of an express or implied contract, tortious interference with a contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness or any other harm, wrongful or retaliatory discharge, fraud, defamation, false imprisonment, and negligent or intentional infliction of emotional distress; and (d) any and all claims for monetary or equitable relief, including, but not limited to, attorneys' fees and costs, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements, punitive damages, liquidated damages, and penalties (the "Released Claims"). The foregoing release includes, but is not limited to, any and all claims alleged in this Action, as well as any and all claims in any way arising out of, relating to, or resulting from this Action.

(iii) <u>Specific Release of ADEA Claims</u>. The claims released include all claims, promises, offers, debts, causes of action or similar rights of any type or nature whatsoever, whether known or unknown, Sreng has or had

against the Released Parties by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter up to and including the date of his or her execution of this Agreement arising under the Age Discrimination and Employment Act, as amended, and its implementing regulations. By signing this Agreement, Sreng hereby acknowledges and confirms that (a) Sreng has read this Agreement in its entirety and understands all of its terms; (b) Sreng has been advised of and has availed him/herself of his/her right to consult with an attorney prior to executing this Agreement; (c) Sreng knowingly, freely and voluntarily assents to all of the terms and conditions set out in this Agreement including, without limitation, the waiver and release contained herein; (d) Sreng is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which he/she is otherwise entitled; (e) Sreng was given at least twenty-one (21) days to consider the terms of this Agreement and consult with an attorney, although he/she may sign it sooner, if desired; (f) Sreng understands that he/she has seven (7) days from the date he/she signs this Agreement to revoke the release in this paragraph by delivering notice of revocation to CCSD's attorney, Charles L. Bachman, Jr., c/o Gregory, Doyle, Calhoun & Rogers, LLC, 49 Atlanta Street, Marietta, GA 30060 by overnight delivery before the end of such seven-day period; and (g) Sreng understands that the release contained in this paragraph does not apply to rights and claims that may arise after the date on which he/she signs this Agreement.

(c) **No Pursuit of Released Claims.** Sreng represents that other than this Action, s/he has not filed, joined, submitted or caused to be filed any other lawsuit, complaint, or charge encompassing any claim released by this Agreement. Sreng promises never to file, prosecute, join, opt-in, or participate in a lawsuit (including a collective or class action) or other complaint or charge asserting any claims that are released by this Agreement. Notwithstanding the foregoing, nothing in this Subparagraph precludes Sreng from filing an administrative charge of discrimination or an administrative charge with any federal, state, or local government office, official, or agency. Sreng promises never to seek or accept any damages, remedies, or other relief for Sreng personally (any right to which Sreng hereby waives and promises never to accept) with respect to any claim included in Paragraph 3 of this Agreement, in any proceeding including, but not limited to, any Equal Employment Opportunity Commission ("EEOC") proceeding.

(d) **Enforcement of Agreement and Unwaivable Claims.** This Agreement does not release Sreng's right to enforce this Agreement. This Agreement also does not release any other claim or abridge any legal right that as a matter of law cannot be released or abridged by private agreement between Sreng and CCSD.

(e) **Ownership of Claims.** Sreng represents that Sreng has not assigned or transferred, or purported to assign or transfer, all or any part of any claim released by this Agreement.

4. **Sreng's Promises.**

In addition to the waiver and release of claims provided for in Paragraph 3, Sreng also agrees to the following:

(a) **No Liability Admitted.** Sreng understands and agrees that this Agreement and the payment described in this Agreement do not constitute an admission by CCSD or any of the Released Parties, or any of their present or former officers, directors, members, employees, consultants, representatives, independent contractors or related entities, of any liability to Sreng or wrongdoing whatsoever, including but not limited to the allegations in this Action, and that this Agreement is not admissible as evidence in any proceeding other than for enforcement of its provisions.

(b) **No Liens.** Sreng warrants and represents that there are no liens or encumbrances on his/her claims, including but not limited to Workers' Compensation liens, physicians' liens, and/or attorney liens. S/he expressly acknowledges that, in any case, all obligations to satisfy such liens are his/her sole responsibility, and not of CCSD. Sreng also agrees that if any liens or encumbrances on his/her claims should arise between the date s/he signs the Agreement and the date on which the funds identified in Paragraph 1 of this Agreement are paid and CCSD is required by law to pay such lien or encumbrances, CCSD's payment of the lien or encumbrance shall act as an offset to CCSD's obligations to Sreng set forth herein.

5. **Consequences of Sreng's Violation of Promises.**

(a) **General Consequences.** If Sreng breaks any of his/her promises in this Agreement, for example, by filing or prosecuting a lawsuit based on the claims that Sreng has released, or if any representation made by Sreng in this Agreement was false when made, Sreng (a) shall forfeit all right to future benefits under this Agreement; (b) must repay all benefits previously received, pursuant to this Agreement, upon CCSD's demand.

(b) **Injunctive Relief.** Sreng further agrees that CCSD would be irreparably harmed by any actual or threatened violation of Subparagraphs 3(b) through 3(d), and that CCSD shall be entitled to an injunction prohibiting Sreng from committing any such violation.

6. **Binding Nature of Agreement.** This Agreement shall be binding on Sreng's heirs, legal representatives, administrators, executors, and assigns, and shall inure to the benefit of the Released Parties and their heirs, legal representatives, administrators, executors and assigns.

7. **No Assignment.** Sreng's rights, duties or obligations under this Agreement may not be assigned, delegated or transferred.

8. **Interpretation.** This Agreement will be construed as a whole according to its fair meaning, and not strictly for or against any of the parties. Unless the context indicates otherwise, the term "or" will be deemed to include the term "and" and the singular or plural number will be deemed to include the others. Paragraph headings used in this Agreement are intended solely for convenience of reference and will not be used in the interpretation of any of this Agreement.

9. **Law Governing.** This Agreement shall be governed by and construed under the laws of the State of Georgia other than its choice of law provisions. The sole venue for any action relating to this Agreement, including but not limited to its interpretation and/or enforcement, is the United States District Court for the Northern District of Georgia.

10. **Joint Effort.** The parties stipulate that this Agreement was prepared by and is the joint effort of the parties through negotiations. Accordingly, any ambiguity, uncertainty nor vagueness in the construction and interpretation of this Agreement shall not be attributed to either Sreng or CCSD, and the theory of construction that a document should be construed against the party drafting the document is waived and will not be applied in construing this Agreement.

11. **Entire Agreement.** This Agreement comprises the entire agreement between the parties regarding the matters contained herein. This Agreement has been entered into by Sreng with a full understanding of its terms, with an opportunity to consult with counsel and without inducement or duress. Sreng acknowledges that no promises or agreement not expressed in this Agreement has been made to Sreng and that Sreng is not relying on any representations that are not in this Sreng. This Agreement may be executed in counterparts, each of which shall be considered an original, but all of which together shall constitute one and the same instrument. This Agreement may not be changed orally. This Agreement supersedes any prior or contemporaneous agreement, arrangement or understanding on its subject matter.

12. **Severability.** The provisions of this Agreement are severable. If any provision in this Agreement is found to be void or unenforceable, all other provisions will remain fully enforceable.

13. **Approval of Court.** This Agreement must be approved by the Court in order to become effective.

PLEASE READ THIS AGREEMENT CAREFULLY.   IT CONTAINS A RELEASE OF CLAIMS.

_____  
HOK SRENG

Date: 7-29-2015

_____  
CLAYTON COUNTY SCHOOL DISTRICT

Superintendent  
Title

Date: 8-13-15